```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────x

UNITED STATES OF AMERICA,
```
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 29 2015 ★
BROOKLYN OFFICE

MEMORANDUM &
ORDER
15-CR-112

```
        -against-

WILLIAM GROTH,

                    Defendant.
─────────────────────────────x
```

**Jack B. Weinstein U.S. Senior District Judge**

The proposed portion of the charge, expanding on my order of June 25, 2015, is as follows:

The government must prove that defendant (1) knowingly and intentionally conspired to import a "controlled substance;" (2) knowingly and intentionally imported a "controlled substance;" (3) knowingly and intentionally conspired with intent to distribute and possess with intent to distribute a "controlled substance;" and (4) knowingly and intentionally attempted to distribute and possess with intent to distribute a "controlled substance." A "controlled substance" is listed by name and possesses certain chemical characteristics that affect the mind of the user.

Treated as if they are listed are drugs analogous to drugs on the list. The government must prove both objective and subjective elements.

**Objective Test**

The government must prove, through expert testimony, that:

1. 5F-AMB, the substance defendant was dealing with, is chemically "substantially similar" to a listed substance, that is the controlled substance ADB-PINACA; and



1

2. 5F-AMB, when imbibed by a human, would have "a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system" of a listed substance, that is the controlled substance ADB-PINACA;

3. 5F-AMB was designed for human consumption.

**Subjective Test**

The government must prove that:

1. The defendant knew or believed that 5F-AMB, the substance he was dealing with, is chemically "substantially similar" to a listed substance, that is the controlled substance ADB-PINACA; he need not know any of these names of the substances (*i.e.* 5F-AMB and ADB-PINACA); and

2. The defendant knew or believed that the substance he was charged with (5F-AMB) (but he need not know its name) was intended, when imbibed by a human, to have "a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system" of a listed substance, that is the controlled substance ADB-PINACA (but he need not know the name of the drug ADB-PINACA); or

3. The defendant represented or intended that the substance he was charged with (5F-AMB) (but he need not know the name of the substance), when imbibed by a human, would have "a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or

hallucinogenic effect on the central nervous system" of a listed substance, that is the substance ADB-PINACA (but he need not know the name).

4. The defendant intended 5F-AMB (but he need not know the name) to be used for human consumption.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: June 26, 2015
Brooklyn, New York

3