UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

– against –

WILLIAM GROTH,

               Defendant.

15-CR-112

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**Appearances**

**For United States:**

    Karen L. Koniuszy
    United States Attorney's Office
    Eastern District of New York
    271 Cadman Plaza East
    Brooklyn, NY 11201
    (718) 254-6072
    karen.koniuszy@usdoj.gov

    David K. Kessler
    United States Attorney's Office
    Eastern District of New York
    271 Cadman Plaza East
    Brooklyn, NY 11201
    (718) 254-7202
    david.kessler@usdoj.gov

**For Defendant:**

    Mildred M. Whalen
    Federal Defenders of New York, Inc.
    One Pierrepont Plaza, 16th Floor
    Brooklyn, NY 11201
    (718) 330-1290
    mildred_whalen@fd.org

    Len H. Kamdang
    Federal Defenders of New York, Inc.
    One Pierrepont Plaza, 16th Floor
    Brooklyn, NY 11201
    (718) 407-7414
    len_kamdang@fd.org

JACK B. WEINSTEIN, Senior United States District Judge:

**Table of Contents**

I. Introduction ..................................................................................................................1
   A. Instant Offense: Conspiracy to Import Gamma-Butyrolactone..............................1
   B. Arrest.....................................................................................................................2
   C. Guilty Plea.............................................................................................................2
   D. Sentencing............................................................................................................2
II. Offense Level, Category, and Sentencing Guidelines Range........................................3
III. Law.................................................................................................................................3
IV. 18 U.S.C. § 3553(a) Considerations..............................................................................4
V. Sentence..........................................................................................................................6
VI. Conclusion......................................................................................................................7

## I. Introduction

Defendant William Groth is a well-educated man with a severe drug addiction. He pled guilty to the serious offense of conspiracy to import Gamma-Butyrolactone ("GBL"). Presentence Investigation Report, Jan. 7, 2016 ("PSR"); Hr'g Tr., Sept. 25, 2015, 29:7-30:7.

On January 20, 2016, Mr. Groth was sentenced to time served, three years of supervised release, and a $100 special assessment. *See* Sentencing Hearing Transcript, Jan. 20, 2016 ("Sent. Hr'g").

### A. Instant Offense: Conspiracy to Import Gamma-Butyrolactone

On February 6, 2015, Customs and Border Protection ("CBP") officers at John F. Kennedy airport seized a shipment of a liquid substance that tested positive for GBL. PSR at ¶ 3. The package arrived from China, and was addressed to the defendant. *Id.* Following an examination by the Drug Enforcement Administration, the shipment was found to contain 1,974

1

grams of GBL. *Id.*; Addendum to Presentence Investigation Report, Jan. 20, 2016 ("Addendum PSR"), at 1. On February 11, 2015, a Homeland Security Investigations ("HSI") case agent, acting in an undercover capacity, delivered the package to the defendant, who signed for and accepted it. He was subsequently arrested and admitted that he was aware of the illegal contents of the package. *Id.* at ¶ 4; Addendum to PSR at 1.

Defendant told HSI agents that he had consumed GBL in the past and placed one previous order with the same supplier from China on January 19, 2015. PSR at ¶ 5; Addendum to PSR at 1.

### B. Arrest

Defendant was arrested on February 11, 2015 at his residence in Brooklyn, following his acceptance of the package containing the GBL. PSR at ¶ 4.

### C. Guilty Plea

On September 25, 2015, Mr. Groth pled guilty to count one of a four-count Second Superseding Indictment. Count one charges that between February 3, 2015, and February 11, 2015, he conspired to import GBL into the United States, in violation of 21 U.S.C. §§ 963 and 960(b)(3). *Id.* at ¶ 1. The applicable statute does not provide for a mandatory minimum term of imprisonment. The maximum term of imprisonment is twenty years. *See* 21 U.S.C. §§ 960(a)(1) and 960(b)(3).

### D. Sentencing

A sentencing hearing was conducted on January 20, 2016. The proceedings were videotaped to develop an accurate record of courtroom atmosphere, as well as the factors and considerations that a court evaluates in imposing a sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

II.     **Offense Level, Category, and Sentencing Guidelines Range**

The base offense level is 14. *See* Addendum to PSR at 1. The offense level was decreased by two points pursuant to U.S.S.G. § 3E.1.1(a) for defendant's acceptance of responsibility. PSR at ¶ 19. The total adjusted offense level is 12. The parties do not object to the above Guidelines calculation. *See* Sent. Hr'g.

Defendant's criminal history category is I. PSR at ¶ 23. The Guidelines' range is 10 to 16 months imprisonment. *See* Addendum to PSR at 2.

Pursuant to the Supreme Court's decision in *United States v. Booker*, the Guidelines are advisory; a sentencing court may depart from the Guidelines in the interest of justice as well as in light of other statutory concerns as expressed in section 3553(a). *United States v. Booker*, 543 U.S. 220, 245-46 (2005); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) ("It is now, however, emphatically clear that the Guidelines are guidelines – that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense.").

III.    **Law**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now advisory rather than mandatory, *Booker*, 543 U.S. at 245-46, the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), abrogated in part on other grounds by *Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (*en banc*) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, parsimony in incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary."); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## IV.  18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). For the reasons stated on the record, a custodial sentence is unnecessary. *See* Sent. Hr'g.

Mr. Groth grew up in a disruptive family home with parents who were physically abusive towards one another. PSR at ¶ 29. Defendant's parents separated when he was 11, and defendant's mother took custody of him while defendant's father took custody of his brother. Mr. Groth stated that, while under the care of his mother, she was an alcoholic and habitual drug user. Defendant's father made child support payments, but his mother spent the money on

herself and her drug habit. *See* PSR at ¶¶ 29-30. At the age of 12, defendant's grandmother took custody of defendant since she believed that his mother was unfit to raise him. *Id.* at ¶ 30.

Despite the difficult circumstances of Mr. Groth's childhood, he was a good student, and went on to higher education. He received a Bachelor of Arts degree in History from Binghamton University in 2002 and a Master of Science in Education from the State University of New York at Oswego ("SUNY Oswego"), in 2011. *Id.* at ¶¶ 57, 59. Since he was sixteen, defendant has worked in various responsible jobs, including as a cashier in grocery stores and gas stations and cab driver. He has also participated in a work study program at Syracuse University. *Id.* at ¶ 73. Defendant dropped out Syracuse University to take care of his mother who became sick with lung cancer and died in 2000. *See* PSR at ¶¶ 31, 61.

Defendant has tried to hold down teaching jobs since 2011. In that year he was employed as a substitute teacher in Port Byron Central School District, earning $55 per day for 2 to 3 days per week. *Id.* at ¶ 69. About the same time, he was employed as a full-time social studies teacher in St. Lucie Public School, earning an annual salary of $36,000. He resigned from his position as a result of a manic episode that he believed to be work-related. *Id.* at ¶ 68. In 2012 and 2014, defendant was employed as a substitute teacher for the New York City Department of Education, earning $155 per day. *Id.* at ¶ 66. He has been unemployed since the summer of 2014. *Id.* at ¶ 65.

Mr. Groth has been addicted to drugs for most of his adult life. In 2000, he suffered from an accidental overdose and was in a coma for twelve days. *Id.* at ¶ 51. Defendant has also battled mental illness and other health-related issues for over a decade. In 2005, he was diagnosed with Syphilis, a condition that left him partially blind in his right eye. *Id.* at ¶ 39. In

5

2012, defendant was diagnosed with bipolar disorder and indicates that the manic episodes have caused him to use narcotics and to quit jobs. *Id.* at ¶ 42.

Until his arrest, Mr. Groth had attempted to seek psychiatric help. He began treatment for his mental illness, but had to discontinue both treatment and medication because of his work schedule. *Id.* at ¶¶ 43-45. Since his arrest, defendant has entered into a court-ordered six-month inpatient drug treatment program and is expected to complete it as scheduled. *Id.* at ¶ 55; Sent. Hr'g. A representative of the program has indicated that Mr. Groth has done well in the program, attended group sessions, and that his drug tests have been negative. PSR at ¶ 55. Defendant has also joined the "Back on My Feet" program, and participates in early morning runs three times a week. *See* Sent. Hr'g.

He has shown remorse for this conduct, and has provided information to the government relating to the offense.

V. **Sentence**

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence.

In light of the nature of the offense and the characteristics of the defendant, Mr. Groth is sentenced to time served and supervised release for a term of three years. Sent. Hr'g. A $100 special assessment is imposed. 18 U.S.C. § 3013(a)(2)(A). No fine is levied because Mr. Groth has no substantial assets and is unlikely to be able to pay a fine. PSR at ¶¶ 76-80; Sent. Hr'g. All remaining open counts were dismissed on the government's motion. Sent. Hr'g.

General and specific deterrence are achieved by the sentence imposed. Mr. Groth pled guilty to an extremely serious offense. He has expressed genuine remorse for his conduct and understands the gravity of his actions. Defendant has served approximately six months in an inpatient drug treatment program and has shown substantial success. He is on schedule to

6

successfully complete the program, and will be subject to the conditions of supervised release for three years.

## VI. Conclusion

All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: January 27, 2016
Brooklyn, New York